IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TONY LEVESTER SCOTT,
    Plaintiff,

vs.                                      Case No.: 3:11cv603/LAC/EMT

DAVID MORGAN, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court upon referral from the clerk. Plaintiff commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1). Leave to proceed in forma pauperis has been granted (doc. 4).

      Because Plaintiff is proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious.

      Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (*see* doc. 1 at 3–5).[1] Question C of Section IV asks, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id.* at 4). Where there is a parenthetical area to mark either a "yes" or "no" answer to this

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

question, Plaintiff marked "no" (*id.*). Plaintiff thus stated that at the time he filed the instant case, he had <u>not</u> initiated any actions in either state or federal court that related to the fact or manner of his incarceration or the conditions of his confinement. Question D of Section IV asks, "Have you ever had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed" (*id.* at 4). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes" (*id.*). He then disclosed <u>Scott v. Stepp, et al.</u>, filed in the United States District Court for the Southern District of Florida in August of 2007 and dismissed in 2009 (*id.* at 4).[2] Plaintiff states the case concerned the defendants' failure to provide medical treatment for an injury (*id.* at 5).[3] Plaintiff thus stated that at the time he filed the instant case, he had <u>not</u> <u>ever</u> had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service, except <u>Scott v. Stepp</u>. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*id.* at 12).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

---

[2] Although Plaintiff states the case was filed in August of 2007, the docket shows it was filed in July of 2008. *See* <u>Scott v. Stepp, et al.</u>, Case No. 9:08-cv-80794-WPD, Complaint (S.D. Fla. July 16, 2008).

[3] Plaintiff alleged the warden of South Bay Correctional Facility and three members of the medical staff there violated the Eighth Amendment by failing to assign him an inmate assistant because he is legally blind, and failing to provide medical treatment for an injury to his shoulder that occurred when he stepped into a hole on the recreation yard. *See* <u>Scott v. Stepp, et al.</u>, Case No. 9:08-cv-80794-WPD, Report of Magistrate Judge (S.D. Fla. July 14, 2009). The case was dismissed upon the court's granting the defendants' motion for summary judgment. *See* <u>Scott v. Stepp, et al.</u>, Case No. 9:08-cv-80794-WPD, Order (S.D. Fla. Sept. 1, 2009) and Report of Magistrate Judge (S.D. Fla. July 14, 2009).

Case No: 3:11cv603/LAC/EMT

Spires v. Taylor, Order of Dismissal, Case No. 3:00cv249/RH (N.D. Fla. Oct. 27, 2000). Further, since prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed his complaint in the instant case, December 14, 2011 (*see* doc. 1 at 12), he had previously filed Scott v. Crowell, et al., Case No. 9:09-cv-80672-WPD in the United States District Court for the Southern District of Florida.[4] Plaintiff was incarcerated at the time he filed Case No. 9:09-cv-80672-WPD, and the action related to the conditions of his confinement.[5] The case was dismissed on August 28, 2009, for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See* Scott v. Crowell, et al., Case No. 9:09-cv-80672-WPD, Order (S.D. Fla. Aug. 28, 2009) and Report of Magistrate Judge (S.D. Fla. June 1, 2009). Plaintiff did not list Case No. 9:09-cv-80672-WPD in Section IV of the instant complaint, even though it qualified as a federal court action that was responsive to Questions C and D, and thus should have been included in Plaintiff's answer to either of those questions.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to a question on the complaint form, as

---

[4] The inmate number of the plaintiff in Case No. 9:09-cv-80672-WPD matches Plaintiff's. That case was filed in May of 2009. *See* Scott v. Crowell, et al., Case No. 9:09-cv-80672-WPD, Complaint (S.D. Fla. May 5, 2009).

[5] In his complaint, Plaintiff sued Dr. David Crowell, Dr. Jean Dauphin, and GEO Group, Inc., alleging Dr. Crowell, an "outside" opthalmologist, prescribed eye drops which contained sulfur, despite Plaintiff's advising him that he was allergic to sulfur. *See* Scott v. Crowell, et al., Case No. 9:09-cv-80672-WPD, Report of Magistrate Judge (S.D. Fla. June 1, 2009). Plaintiff alleged he complained of pain to Dr. Dauphin, the medical director at the institution where he was housed, and Dr. Dauphin took the medication and scheduled an appointment with a new opthalmologist. *Id.* Plaintiff claimed that Drs. Crowell and Dauphin violated his constitutional rights and were negligent, because they both knowingly permitted him to be prescribed medication to which he was allergic. *Id.* He sought to impose liability on GEO Group Inc., because it allegedly authorized the medication and was responsible for the conduct of its employees. *Id.* Thus, as can be seen, Plaintiff raised different claims in the Crowell action, as compared to the Scott action.

detailed above.  His false response suggests he was deliberately attempting to hide his litigation history.  Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior action, Scott v. Crowell, et al., Case No. 9:09-cv-80672-WPD (S.D. Fla.), was required and that dismissal of the instant action may result from his untruthful answer.[6]  If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false response to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.[7]  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITHOUT PREJUDICE** for abuse of the judicial process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

At Pensacola, Florida, this 25th day of January 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] Indeed, section IV of the complaint form includes the following notice:  "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* doc. 1 at 3) (emphasis and capitalization in original).

[7] Dismissal without prejudice is not too severe a sanction under these circumstances.  Plaintiff is free to re-file this matter if he so chooses.  *See* Order of Dismissal, Spires, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

Case No: 3:11cv603/LAC/EMT

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**